# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> JEFFREY ANDREWS, ) <br> LYNN COOKE ANDREWS, ) <br> WESLEY W. ANDREWS, ) <br> COLTON C. ANDREWS, and ) <br> ELLERY E. ANDREWS, ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. _____ <br><br><br><br> **COMPLAINT** |

Plaintiff United States of America, through its undersigned attorneys, by the authority of the Attorney General of the United States, and at the request and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under sections 309(b) and 309(d) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1319(b) and 1319(d), to obtain injunctive relief and civil penalties against Jeffrey Andrews, Lynn Cooke Andrews, Wesley W. Andrews, Colton C. Andrews, and Ellery E. Andrews ("Defendants") for violations of sections 301 and 308 of the CWA, 33 U.S.C. §§ 1311 and 1318. Specifically, Defendants have discharged pollutants into waters of the United States without authorization by the United States Department of the Army Corps of Engineers ("COE") on two adjacent parcels located at 216 Northford Road,

Wallingford, Connecticut, and 69 Woods Hill Road (rear), North Branford, Connecticut ("Site"), and have failed to provide information reasonably required by EPA, in violation of the CWA.

2.  In this action, the United States seeks: (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), at their own expense and at the direction of the EPA, to restore and/or mitigate the damages caused by their unlawful activities; (3) to require Defendants to respond to EPA's information requests; and (4) to require Defendants to pay civil penalties as provided in CWA section 309(d), 33 U.S.C. § 1319(d).

3.  A portion of the Site is the subject of litigation in the Superior Court of Connecticut styled as *Inland Wetlands and Watercourses Commission, Town of Wallingford v. Lynn Cook Andrews, et. al.*, No. CV-10-5033404, Superior Court of Connecticut, Judicial District of New Haven.  In this Complaint, the United States does not allege or seek to establish violations of section 404 of the Clean Water Act for the Defendants' activities that are the subject of Case No. CV-10-5033404 in the Superior Court of Connecticut.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action pursuant to CWA sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345, and 1355.

5.  Venue is proper in the District of Connecticut pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), 28 U.S.C. §§ 1391(b) and 1391(c), and 28 U.S.C. § 1395, because the Defendants conduct business in this District, the subject property is located in this District, the violations alleged herein occurred in this District, and the penalty sought by the United States accrued in this District.

## NOTICE

6. Notice of the commencement of this action has been given to the State of Connecticut pursuant to CWA sections 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

7. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and is exercised in accordance with CWA sections 309(b), 309(d) and 506, 33 U.S.C. §§ 1319(b), 1319(d), and 1366.

8. Defendant Jeffrey Andrews is a private individual residing at 210 Northford Road, Wallingford, Connecticut 06492. Jeffrey Andrews co-owned the Site with his wife, Lynn Cooke Andrews, from approximately 2001 to December 28, 2011, at which time Jeffrey Andrews and Lynn Cooke Andrews transferred the property to their adult children, Wesley W. Andrews, Colton C. Andrews, and Ellery E. Andrews, via a quitclaim deed for $1.00.

9. Defendant Lynn Cooke Andrews is a private individual residing at 210 Northford Road, Wallingford, Connecticut 06492. Lynn Cooke Andrews co-owned the Site with her husband, Jeffrey Andrews, from approximately 2001 to December 28, 2011, at which time Lynn Cooke Andrews and Jeffrey Andrews transferred the property to their adult children, Wesley W. Andrews, Colton C. Andrews, and Ellery E. Andrews, via a quitclaim deed for $1.00.

10. Defendant Wesley W. Andrews is a private individual believed to reside at 210 Northford Road, Wallingford, Connecticut 06492. Wesley W. Andrews, along with his siblings Colton C. Andrews and Ellery E. Andrews, is currently and has been since December 28, 2011, a co-owner of the Site.

11. Defendant Colton C. Andrews is a private individual believed to reside at 210 Northford Road, Wallingford, Connecticut 06492, and possibly at 114 N. Jessup Street, Alvarado, Texas.  Colton C. Andrews, along with his siblings, Wesley W. Andrews and Ellery E. Andrews, is currently and has been since December 28, 2011, a co-owner of the Site.

12. Defendant Ellery E. Andrews is a private individual believed to reside at 210 Northford Road, Wallingford, Connecticut 06492, and possibly at 1231 NE 23rd Avenue, Pompano, Florida.  Ellery E. Andrews, along with her siblings, Wesley W. Andrews and Colton C. Andrews, is currently and has been since December 28, 2011, a co-owner of the Site.

13. At all times relevant to this Complaint, one or more of the Defendants owned, leased, or otherwise controlled and operated the Site and controlled or directed the activities relevant to this Complaint that occurred at the Site.

## STATUTORY AND REGULATORY BACKGROUND

**A.     Section 404**

14. Section 301(a) of the CWA, 33 U.S.C. §§ 1311(a), prohibits the discharge of pollutants, including dredged and fill material, into navigable waters except in compliance with, *inter alia*, a permit issued by the Army Corps of Engineers pursuant to CWA section 404, 33 U.S.C. § 1344.

15. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Corps of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

16. "Discharge of a pollutant" means, among other things, "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

4

17. "Pollutant" means, among other things, dredged spoil, rock, and sand. 33 U.S.C. § 1362(6).

18. "Navigable waters" means "the waters of the United States, including the territorial seas." 33 U.S.C. § 1362(7).

19. "Point source" means, among other things, "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged." 33 U.S.C. § 1362(14).

20. For purposes of the CWA, "person" means CWA "an individual, corporation, partnership [or] association." 33 U.S.C. § 1362(5).

**B.     Section 308**

21. Section 308 of the CWA authorizes EPA to require the disclosure of information, including site access, to carry out the purposes of the CWA. 33 U.S.C. § 1318.

22. Under Section 308, an owner or operator of a point source must provide information reasonably required by EPA to determine whether any person is in violation of the CWA.

**C.     Enforcement Provisions**

23. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Sections 301 or 308 of the CWA, 33 U.S.C. § 1311 or 1318.

24. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates Sections 301 or 308 of the CWA, 33 U.S.C. § 1311 or 1318.

25. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), establishes civil penalties for violations of the CWA payable to the United States of up to $25,000 per day for each violation.

26. Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990 (Pub. L. 101-410), as amended by the Debt Collection Improvement Act of 1996 (Pub. L. 104-134, Sec. 31001(s)), and the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015 (28 U.S.C. § 2461 note), as reflected in the Civil Monetary Penalty Inflation Adjustment Rule, 40 C.F.R. Part 19, EPA may seek civil penalties adjusted for inflation for each violation occurring after January 12, 2009, through November 2, 2015, and after November 2, 2015. 40 C.F.R. § 19.4.

27. Each day that dredged or fill material remains in the place where it is discharged without authorization constitutes a separate violation of Section 301(a) of the CWA, 33 U.S.C. §1311(a).

28. Each day that Defendants fail to submit a response to a request for information made by EPA pursuant to Section 308, 33 U.S.C. § 1318, constitutes a separate violation of CWA section 301(a), 33 U.S.C. §1311(a).

## GENERAL ALLEGATIONS

**A.     Waters on the Site Are Waters of the United States**

29. The Site comprises approximately 72 acres split between two adjacent parcels located at 216 Northford Road, Wallingford, Connecticut, and 69 Woods Hill Road (rear), North Branford, Connecticut. For convenience, a map depicting the Site is attached to this Complaint as Exhibit A.

30. Prior to the unauthorized discharges described in Paragraph 36, the Site contained approximately 15 acres of forested freshwater wetlands.

31. Prior to the unauthorized discharges referenced in Paragraph 36, wetlands on the Site were adjacent to and had a continuous surface connection with an unnamed tributary of the Farm River.

32. The unnamed tributary flows through the Site and on to the Farm River, and is a relatively permanent body of water with physical indicators of a bed and bank and an ordinary high-water mark. It has been designated by the Connecticut Department of Energy and Environmental Protection as a Class AA surface water resource. Class AA designated uses are existing or proposed drinking water supplies, habitat for fish and other aquatic life and wildlife, recreation, and water supply for industry and agriculture. *See* CT DEEP, Water Quality Standards and Classifications Fact Sheet (Dec. 15, 2016), https://www.ct.gov/deep/cwp/view.asp?a=2719&q=325620&deepNav_GID=1654.

33. The Farm River is a traditionally navigable water that flows into Long Island Sound. Along its route, the Farm River supplies water via tunnel to Lake Saltonstall, a public water source owned by the South Central Connecticut Regional Water Authority.

34. Prior to the unauthorized discharges referenced in Paragraph 36, the impacted wetlands on the Site exhibited flow characteristics and ecological functions that, when considered alone or in combination with similarly situated lands in the region, significantly affect the chemical, physical, and biological integrity of the Farm River and Long Island Sound. Specifically, the impacted wetlands and tributaries, alone and in combination with similarly situated lands in the region, provided important ecological functions, including, but not limited to, nutrient export to marine food webs; purification of surface water run-off prior to discharge into the unnamed tributary, the Farm River, and Long Island Sound; and valuable plant and wildlife habitat.

35. The present and former wetlands on the Site, the unnamed tributary, and the Farm River are and were at the time the alleged discharges occurred "waters of the United States" within the meaning of Section 502(7) of the CWA, 33 U.S.C. § 1362(7), and regulations promulgated thereunder.

**B.     Unauthorized Discharges of Dredged and/or Fill Material**

36. At various times relevant to this Complaint, Defendants and/or persons acting on their behalf and at their direction cleared, stumped, grubbed, and/or graded wetlands on the Site, causing discharges of dredged and/or fill material into wetlands and into the unnamed tributary on the Site.

37. At all times relevant to this Complaint, one or more of the Defendants conducted, contracted for, supervised and/or otherwise controlled the unauthorized discharges referenced in Paragraph 36.

38. Each of the Defendants is a "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

39. Defendants are jointly and severally responsible for some or all of the unauthorized discharges referenced in Paragraph 36.

40. At various times relevant to this Complaint, one or more of the Defendants and/or persons acting on their behalf discharged dredged and/or fill material into wetlands on the Site that are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder, including all regulations that were in effect at the time of Defendants' activities described herein.

41. The dredged or fill material that the Defendants and/or persons acting on their behalf caused to be discharged into waters of the United States on the Site included, among other

8

things, dirt, spoil, rock, and/or sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

42. The Defendants and/or persons acting on their behalf used excavators, bulldozers, trucks, and/or other earth-moving equipment to discharge fill and/or dredged material into waters of the United States on the Site. This equipment constitutes "point source[s]" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

43. The Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers of the COE, for the discharges of dredged and/or fill material into waters of the United States on the Site, as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344, nor were the discharges authorized under any other provision of the CWA.

44. The Defendants have allowed pollutants to remain in waters of the United States at the Site.

45. Each day that such unauthorized dredged and/or fill material remains in place constitutes a separate violation of section 301(a) of the CWA, 33 U.S.C. § 1311(a).

46. Unless enjoined, Defendants are likely to continue to discharge dredged and/or fill material into, and/or to allow dredged or fill material to remain in waters of the United States at the Site in violation of CWA section 301, 33 U.S.C. § 1311.

C. **Violations of CWA Section 308**

47. Pursuant to Section 308 of the CWA, 33 U.S.C. § 1318, EPA sent each of the named Defendants multiple written requests for information about the Site and access to the Site in order to determine whether a violation of the CWA had occurred.

48. On May 16, 2018, EPA issued via certified mail an information request and request for access authorization pursuant to section 308 of the CWA, 33 U.S.C. § 1318, to each

of the named Defendants at their address of record at 210 Northford Road, Wallingford, Connecticut.

49. Each of the letters sent on May 16, 2018, was returned to sender.

50. On June 27, 2018, an EPA investigator hand-delivered a copy of the information request letter and request for access authorization addressed to Defendants Lynne Cooke Andrews and Jeffrey Andrews to Lynne Cooke Andrews at her home at 210 Northford Road, Wallingford, Connecticut.

51. On July 17, 2018, EPA made a follow-up telephone call to Defendant Jeffrey Andrews, and left a voice mail requesting that he call EPA to discuss the requests.

52. On August 14, 2018, an EPA investigator attempted to hand-deliver another copy of the May 16, 2018 letter to Defendants Lynne Cooke Andrews and Jeffrey Andrews at 210 Northford Road, Wallingford, Connecticut. The EPA investigator left the letter with a worker at that location.

53. On December 26, 2018, EPA sent another copy of the information request and request for access authorization to all Defendants via first-class mail to their address of record at 210 Northford Road, Wallingford, Connecticut.

54. On March 1, 2019, EPA sent another copy of the information request and request for access authorization to all Defendants via first-class mail to their address of record at 210 Northford Road, Wallingford, Connecticut.

55. On March 20, 2019, EPA made a follow-up telephone call to Defendant Jeffrey Andrews, and left a voice mail requesting that he call EPA to discuss the requests.

56. On April 1, 2019, EPA sent a copy of the information request and request for access authorization by certified mail to Defendant Ellery Andrews at her address of record at 1231 NE 23rd Avenue, Pompano, Florida. The letter was returned to sender.

57. On April 2, 3, and 23, 2019, EPA made telephone calls to Defendant Wesley Andrews. The voice mail box would not accept messages on April 2 or 3, but EPA was able to leave a voice mail on April 23 requesting that Mr. Andrews call EPA to discuss the requests.

58. On April 23, 2019, EPA made a telephone call to Defendant Ellery Andrews, and left a voice mail requesting that she call EPA to discuss the requests.

59. On May 20, 2019, EPA hand-delivered a copy of the information request and request for access authorization to Defendant Jeffrey Andrews at 210 Northford Road, Wallington, Connecticut.

60. On June 27, 2019, EPA sent a copy of the information request and request for access authorization by certified mail to Defendant Colton Andrews at 114 N. Jessup Street, Alvarado, Texas. The letter was returned to sender.

61. To date, Defendants have not responded to EPA's requests for information.

## COUNT ONE
## DISCHARGE OF POLLUTANTS WITHOUT A PERMIT

62. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 60.

63. At various times relevant to this Complaint, one or more of the Defendants and/or persons acting on their behalf discharged dredged and/or fill material from a point source into waters of the United States on the Site without a permit or authorization under Section 404 of the CWA, 33 U.S.C. § 1344.

64. The Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States, including wetlands, at the Site.

65. As a result of their violations of the CWA as described herein, and in accordance with CWA Section 309(b), 33 U.S.C. § 1319(b), Defendants are subject to appropriate relief, including both civil penalties and a temporary or permanent injunction.

66. Defendants are subject to a civil penalty of up to $37,500 per day for violations taking place after January 12, 2009, and before November 2, 2015. *See* CWA Section 309(d), 33 U.S.C. § 1319(d), as amended by Pub. L. No. 104-134, Section 31001, 110 Stat. 1321-373 (1996); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,340 (Dec. 11, 2008). Defendants are subject to a civil penalty of up to $54,833 per day for any violations taking place after November 2, 2015. *See* CWA Section 309(d), 33 U.S.C. § 1319(d), as further amended by Pub. L. 114-74 (2015); 84 Fed. Reg. 2,056 (Feb. 6, 2019).

67. The CWA violations alleged herein are ongoing as of the date of the filing of this Complaint.

## COUNT TWO
## FAILURE TO PROVIDE INFORMATION PURSUANT TO CWA SECTION 308

68. Plaintiff realleges and incorporates by reference paragraphs 1 through 66 as if fully set forth within.

69. By failing to provide information reasonably required by EPA pursuant to Section 308 of the CWA, Defendants are in violation of Section 308.

70. Due to Defendants' failure to provide information reasonably required by EPA pursuant to Section 308 of the CWA, Defendants are liable to the United States for injunctive relief and civil penalties.

71. Defendants are subject to a civil penalty of up to $37,500 per day for violations taking place after January 12, 2009, and before November 2, 2015. *See* CWA Section 309(d), 33 U.S.C. § 1319(d), as amended by Pub. L. No. 104-134, Section 31001, 110 Stat. 1321-373 (1996); 61 Fed. Reg. 69,360 (Dec. 31, 1996); 69 Fed. Reg. 7121 (Feb. 13, 2004); and 73 Fed. Reg. 75,340 (Dec. 11, 2008). Defendants are subject to a civil penalty of up to $54,833 per day for any violations taking place after November 2, 2015. *See* CWA Section 309(d), 33 U.S.C. § 1319(d), as further amended by Pub. L. 114-74 (2015); 84 Fed. Reg. 2,056 (Feb. 6, 2019).

72. The CWA violations alleged herein are ongoing as of the date of the filing of this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

1. That Defendants be permanently enjoined from discharging or causing the discharge of dredged and/or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

2. That Defendants be permanently enjoined to undertake measures, at Defendants' own expense and at the direction of the EPA, to effect complete restoration of the Sites, and/or to conduct compensatory mitigation for environmental damage, as appropriate;

3. That Defendants be ordered to respond to EPA's Section 308 information requests pursuant to 33 U.S.C. § 1318;

4. That Defendants be assessed pursuant to CWA sections 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA sections 301(a) and 308, 33 U.S.C. §§ 1311(a), 1318; and

5. That the United States be awarded costs and disbursements in this action.

                                                Respectfully submitted,

Dated: September 2, 2020              JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources Division

s/ *Benjamin J. Grillot*
_____
BENJAMIN J. GRILLOT
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 305-0303
benjamin.grillot@usdoj.gov

s/ *Redding C. Cates*
_____
REDDING C. CATES
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-2617
redding.cates@usdoj.gov

JOHN H. DURHAM
UNITED STATES ATTORNEY
District of Connecticut

s/ *Anne Thidemann*
_____
ANNE THIDEMANN
Assistant United States Attorney
District of Connecticut
1000 Lafayette Blvd., 10th Floor
Bridgeport, CT 06604
(203) 696-3045
anne.thidemann@usdoj.gov

OF COUNSEL:

DAVID PETERSON
LAURA BEVERIDGE
United States Environmental Protection Agency
Office of Regional Counsel, Region I
Five Post Office Square, Suite 100
Boston, MA 02109-3912
(617) 918-1738



Exhibit A: Site Map