**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:20-CV-1300 (JCH) |
| v. | : | |
| | : | |
| JEFFREY ANDREWS ET AL., | : | MAY 5, 2021 |
|     Defendants. | : | |

**RULING IN PART RE: MOTION TO PRECLUDE OR SUBSTANTIALLY LIMIT EXTENT AND FREQUENCY OF DISCOVERY AND FOR PROTECTIVE ORDER (DOC. NO. 75)**

The defendants filed a Motion to Preclude or Substantially Limit Extent and Frequency of Discovery and for Protective Order ("Mot. to Limit") (Doc. No. 75) on April 27, 2021, in part, to obtain a protective order preventing any further inspection of the site in question, including the entry by plaintiff upon defendants' land on May 10, 2021, pursuant to a Request for Entry served on defendants and dated April 9, 2021.  Request for Entry (Doc. No. 75-4).  Given the time limits available to address this Motion, the court will only address the Rule 34 Notice in this Ruling.  The remaining aspects of defendants' Motion will be addressed when the plaintiff has the opportunity to file its response.

For the following reasons, the court denies the Motion for Protective Order preventing entry by the plaintiff onto the property on May 10 and, if necessary, May 11, 2021.  In other words, the plaintiff, through its representatives and experts, may enter the property for the purpose as stated in the Rule 34 Notice on those dates.

The court is somewhat puzzled by the defendants' Motion for Protective Order.  When the court was attempting to schedule a hearing on the government's Motion for

Preliminary Injunction, it granted the defendants a significant continuance in order for them to be able to engage experts.  Although the defendants succeeded in identifying an expert, they then did not end up calling their expert at the hearing.  As the court recalls, the reason was he could not be available and was not prepared for the hearing on the day scheduled. Now, defendants complain that their experts are not available to attend an inspection until June 10.  Defendants received notice of the May 10 date on April 9.   Although the court is aware of situations where the parties can agree on a date that is convenient for experts on both sides, the court is unaware of any requirement that an opposing counsel's expert be available for such an inspection, certainly, in less intrusive situations, like this one, that do not involve destructive testing.  However, the plaintiff here, as well as the defendants, are limited in the time in which this expert discovery can occur.  It is the court's recollection that the defendants and plaintiff agree on one thing: that the "summer season" is a key time to gather evidence which could be relevant to both the claims and the defenses in this case.  Thus, it should not have come as a surprise to defendants that the plaintiff would seek to set a date to inspect in early May. This is especially true in light of the fact that its discovery needs require a follow up inspection.

In its Motion, the defendants assert various bases for the entry of a protective order preventing any entry by the plaintiffs onto their property.  The defendants argue that the discovery sought through the Rule 34 Notice is irrelevant because the plaintiff has no need for this intrusion on their private property.  The court struggles with the assertion of irrelevance by defendants:  nothing could be more relevant than evidence pertaining to the current and historic condition of the portion of the site at issue.  The

defendants' relevance objection appears to rest on the argument that the Rule 34 visit is not "necessary." The defendants argue that the plaintiff has already collected substantial evidence from the site in connection with its pre-litigation investigation. However, the court notes that this work, which was conducted prior to commencement of the litigation, was attacked by the defendant as deficient at the hearing on the Motion for a Preliminary Injunction. That a party may have sufficient evidence to commence an action does not deprive that party of the ability to obtain further evidence in discovery from its opponent. Further, the plaintiff has a right to obtain discovery pertaining not only to its case but also to the defendants' defense. Further, conditions can change.[1]

In addition, the defendants argue that the burden on them outweighs any benefit or need for this discovery. The difficulty with this argument is that, while defendant Jeffrey Andrews has provided an Affidavit about his farming activities upon the site, and described his farming methods, nowhere does he provide evidence that the visit on May 10 (and possibly May 11) would be unnecessarily intrusive or in fact be a burden upon him or his activities on the site. Also, even if there is some impact on his activities, he has failed to come forward to demonstrate to what extent that impact would be, such that it could possibly outweigh this substantially relevant discovery. Finally, the defendants raise the issue of cost. See Doc. 75 at 11. However, they provide no basis for the assertion that this discovery by the plaintiffs will be costly to the defendants.

---

[1] Jeffrey Andrews states in his Affidavit that he has been informed by counsel this inspection was for the Department of Justice to confirm he had not further violated the Clean Water Act. The court has no knowledge of that. The court does not mean, in referring to changes in conditions, to suggest that any actions have been taken in violation of its Order.

The defendants' Motion, with regard to the Request for Entry under Rule 34 is replete with sound descriptions of law concerning various discovery principles. However, it contains no analysis that connects these principles to the discovery arising from the Request in this case, or to the aspects or features of this case, or to defendants' operations that could cause the court to conclude this discovery should not proceed.  Lastly, the court rejects the defendants' assertion that this is a "fishing expedition." See  Defendants' Memorandum in Support (Doc. 75-2) at 18.   Given the nature of the discovery request and the lack of any basis to justify issuing a protective order preventing it, and given the absolute relevance of this discovery to the issues in dispute in this case, the phrase "fishing expedition" has no place in this matter.

The court finds that the minimally invasive visit on May 10 (and May 11 as needed)  is clearly proportional to the needs of the plaintiff in this case.  The discovery of the property that is within the control of the defendants and as to which the defendants have unlimited access to gathering information, can only obtained by a visit to the site in question in the lawsuit.  Reasonable visits by the plaintiff are its only means to gather evidence that is critical to the issues in this case.  The timing of this visit is also important:  both parties have spoken about timing in connection with observation of the conditions on site.  In considering Federal Rule of Civil Procedure 26(b)(1)(B), as the defendants urge the court to do, the court is left with no question that this discovery is proportional to the needs of the case.   The issues at stake in this action are extremely important, and the parties relative access is clear, and the importance of the discovery in resolving the issues before the court is substantial, and this particular discovery places little burden or expense on the defendants, certainly

none that outweighs the benefit. Finally, the amount in controversy is potentially significant, but any cost or burden imposed on the defendants in connection with this entry is not.

Therefore, the defendants' Motion to Substantially Limit Extent and Frequency of Discovery and for Protective Order (Doc. No. 75), to the extent that it seeks a protective order or any other ruling by this court that would prevent the entry by the plaintiff, or its representatives, and its experts upon the site in question in this lawsuit on May 10 (and possibly May 11), as more fully set forth in the Notice issued by the plaintiffs to the defendants on April 27, 2021, and any reasonable follow-up entry pursuant to Requests for Entry served pursuant to Rule 34, is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of May 2021.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge