**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | CIVIL CASE NO. |
| | : | 3:20-CV-1300 (JCH) |
| v. | : | |
| | : | |
| JEFFREY ANDREWS ET AL., | : | MAY 8, 2021 |
| Defendants. | | |
| | : | |

**RULING RE: DEFENDANTS' EMERGENCY RULE 59(E) MOTION TO RECONSIDER AND VACATE COURT'S MAY 5, 2021 ORDER DENYING, IN PART, DEFENDANTS' MOTION (DOC.NO.83)**

The defendants have moved this court to reconsider its Ruling (Doc. No. 80), in which the court acted, in part, on defendants' Motion to Preclude or Substantially Limit Extent and Frequency of Discovery and for Protective Order ("Motion for Protective Order")(Doc. No. 75). The only matter at issue in the Ruling involves a site visit by plaintiff's representatives and experts to defendants' property ("Site") on Monday, May 10, at 10 a.m.

A very brief background is appropriate. As alleged by the plaintiff, unpermitted filling/discharge, in violation of the Clean Water Act, has occurred over many years at the Site, a property owned by one or more of the defendants over these years. See, generally, Complaint (Doc. No. 1). The court issued a Preliminary Injunction on December 29, 2020, enjoining all defendants, except Lynn Cooke Andrews, from adding fill or doing additional earthmoving work in areas identified in the Order. Ruling (Doc. No. 46).

1

Discovery has commenced, including the service of various discovery requests by plaintiff upon defendants. See, generally, Motion for Protective Order. Among the discovery requests was a Rule 34 Request for Entry upon the Site on May 10 (and if necessary, May 11). That Request was served on April 9 by the plaintiff upon the defendants. Defendant did not seek a protective order on that Request until April 27, 2021, having conferred with plaintiff's counsel only the day before, on April 26, 2021. Motion for Protective Order, para. 4. The court is unaware of any effort to advise the court that part of the defendants' sweeping discovery Motion was time sensitive.

The plaintiff filed its Memorandum in Opposition on May 3, 2021. Mem in Opp. (Doc. No. 76). In its Opposition, on page one, the plaintiff requested the court to resolve the issue over its Rule 34 Notice for May 10, by May 7, 2021, because of the need to address travel arrangements for its experts. See id. at 1-2. The court issued its Ruling on May 5.

The defendants, in effect, have moved this court to reconsider that Ruling. The standard for motions to reconsider are well established in this Circuit. While the defendants have characterized their Motion as reconsidering a judgment, see Defendants' Memorandum in Support ("Defts Mem.) at 1, they have set forth the requirements involved in reconsidering the Ruling: an intervening change in controlling law, new evidence not available when the court acted, or the need to correct a clear error of law or fact or to prevent a manifest injustice. As defendants elaborate, "manifest injustice" requires more than prejudice to a party—it requires a result that is fundamentally "unfair" in light of governing law. Id. at 1-2.

There is no change in the law cited by defendants. Although defendants now submit a 7-page Affidavit of their expert, there is no showing that this was not available to the defendants

when they submitted their Motion for Protective Order.  Thus, the only basis available to the defendants would be clear error of law or fact or to prevent manifest injustice.

Most of the defendants' Memorandum in Support is addressed to arguing that there is no need for the May 10 entry, because the plaintiff already has been on site and collected samples, although it then argues that the evidence collected during those site visits must be suppressed as illegally obtained. They further argue that the plaintiff can gather information off site.  These are really the same arguments made in their original papers, <u>albeit</u> supported by an expert's affidavit which could have been submitted with its original papers.  The defendants, relying on that affidavit, argue that plaintiff's approach and reasons for this site visit are scientifically unjustified.  While these arguments may support a motion to preclude or undercut trial testimony during cross-examination, they are ill placed and insufficient to stop on-site discovery of the Site at issue in this case by persons engaged as experts by the plaintiff, particularly given the court having heard evidence about on-site inspection and testing  in connection with the Motion for Preliminary Injunction.   While defendants obviously disagree with the court's Ruling on this discovery, the court does not agree that the Ruling has worked any manifest injustice.  The court has permitted a noticed and described entry onto property, just as the defendants' expert will also enter, in connection with highly relevant discovery in this case.   The court sees no basis to conclude the Ruling was fundamentally unfair.

The defendants complain that the court violated the Canons of Judicial Conduct by not permitting the defendants time to file a reply memorandum, as permitted by Local Rule 7(d). The defendants are correct that the Local Rules permits a reply to be filed within 7 days.  Local Rule 7(d) (DConn).  However, the defendants overlook another section of this same Rule, Local Rule 7(a)(4): "To expedite a decision or for other good cause, the Court may rule on a motion before expiration of the

period ordinarily permitted for filing opposition papers."  While referring to opposition papers, surely if the court can act on a motion before the other side has had any chance to respond, the court can act for good cause before the moving party has an opportunity to file a brief reply.  In this case, the court determined there was good cause, and if it was not clear in its Ruling, the court will now make it expressly clear:  the delay in bringing this time-sensitive issue to the court's attention, and failure to advise the court that its lengthy, omnibus discovery motion contained a time sensitive matter, led to a situation where, despite the plaintiff filing its opposition within 6 days (despite the 21 days permitted to it), the court was in a position of having 4 days to issue its Ruling.  Allowing the defendants 14 days to reply would, in effect, grant to them the power of this court:  if the court delayed its Ruling, defendants would have denied the plaintiff access, thus effectively prevailing on its Motion for a Protective Order, and mooting the portion of its Motion as to the May 10 entry.[1]  In addition, the defendants would have frustrated the plaintiff's discovery planned, at a proper time—in its view—and at a time its experts were all available.  The court viewed this circumstance of timing, created by the defendants, as good cause to decide the defendants' Motion for Protective Order without awaiting a Reply.

In its Ruling, the court permitted reasonable discovery on site on May 10/11, and return to the Site as is reasonable, in a lawsuit alleging environmental violations at the Site.  The court views this as fundamentally relevant and reasonable discovery in this case.  While it would have been better had the parties agreed on a date, clearly, they could not.[2]  In light of delays regarding obtaining and then not

---

[1] The court inferred that defendants would not permit entry on May 10, while their Motion for Protective Order pended.  In their Memorandum in Support of their Motion to Reconsider, the defendants make it clear they would not have, referring to the "manifest injustice" and "irreparable harm" that will occur if the court's order permitting the entry is not vacated.  See Mem. In Support at 10.

[2] The defendants' counsel seems bewildered by the unwillingness of plaintiff's experts to be available on June 10, while ignoring the fact that their expert is not available on May 10.  It criticizes plaintiff for insisting on May 10-11, and "on no other date", Mem. In Supp. at 5, while insisting that plaintiffs be available on their June date, and no oth

using an expert in connection with the hearing on the Motion for Preliminary Injunction, given the limited time periods in which this discovery can occur, and given the lack of necessity for opposing experts to be present if unable to attend (as opposed to, for example, destructive testing), the court determined to permit this Entry.

For all the foregoing reasons, the court denies the defendants' Motion to Reconsider. However, even if the court were to reconsider its Ruling, it would adhere to its Ruling: nothing the defendants have brought forth in its Motion to Vacate would alter its Ruling.

The defendants can videotape the Entry, it they wish, to share with their expert, or even ZOOM, so long as they do not interfere with plaintiff's experts and representatives or attempt to record or transmit private conversations.

Therefore, the court denies the Defendants' Emergency Rule 59(e) (sic) to Reconsider and Vacate(Doc. No. 83).

SO ORDERED.

Dated at New Haven, Connecticut this 8th Day of May, 2021.

/s/Janet C. Hall
_____

Janet C. Hall

United States District Judge