UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | : | CIVIL CASE NO.<br>3:20-CV-1300 (JCH) |
| v. | : | |
| JEFFREY ANDREWS, ET AL.,<br>    Defendant. | : | APRIL 4, 2024 |

**PARTIAL JUDGMENT**

This matter of entry of partial judgment came before the court as a result of the government's Motion for Summary Judgment (Doc. No. 224) and Brief Regarding Remedy (Doc. No. 250).

After reviewing the papers, on June 12, 2023, the court issued its Ruling (Doc. No. 243) granting the plaintiff's Motion for Summary Judgment as to the defendant's liability. In addition, on March 27, 2024, the court issued its Ruling and Order (Doc. No. 256) setting forth its remedial orders and injunctive relief against the defendant.

Pursuant to Fed. R. Civ. P. 54(b), the court enters this partial judgment in favor of the plaintiff, the United States of America, against defendant, Jeffrey Andrews, as follows:

    A.    <u>Restorative Injunction</u>

        1. Mr. Andrews is to restore the disturbed wetlands on the Property located at 216 Northford Road, Wallingford, Connecticut and 69 Woods Hill Road, North Branford, Connecticut, consistent with the United States' Conceptual Wetland and Tributary-Restoration Plan ("Conceptual Plan") as a substantive guide. See Pl.'s Attachment A, Conceptual Plan (Doc. No. 250-1). Mr. Andrews is ordered to retain the

services of a qualified wetlands expert or professional within 30 days of March 27, 2024, the date of the court's Ruling and Order on Remedies (Doc. No. 256).  If there are any questions regarding any element of the Conceptual Plan, Mr. Andrews is ordered to look to Mr. Schreiber's Declaration in the first instance.  See Pl.'s Ex. 6, Declaration of Scott Schreiber.  The objective of this mandatory injunction is to recover the loss of jurisdictional wetlands as well as their chemical, physical, and biological functions that resulted from the defendants' violative activities.

      2.  Mr. Andrews is ordered to submit a verified financial statement to the expert and the government within 30 days of the expert's designation.  Failure to obey the Order will be contempt of the court.  If the expert finds that, due to financial constraints, the restoration cannot be completed within a year, the expert is to propose a deadline to the government for consideration by the court.

      3.  Submission of Proposals

Within 75 days of the date of the court's Ruling and Order on Remedies (Doc. No. 256), Mr. Andrews shall, through a qualified wetlands expert, propose to the United States a detailed submission including a schedule and plan for implementing the United States' Conceptual Restoration Plan, taking into account the current state of the wetlands.  The United States shall, within 30 days of service of the proposal, provide Mr. Andrews with comments.  If the United States does not provide comments, Mr. Andrews shall file his submission with the Special Master, if any, and the court, and comply with it.  If the United States provides comments, Mr. Andrews shall revise his submission consistent with those comments and file the revised submission with the

Special Master, if any, and the court within 14 days. Thereafter, Mr. Andrews shall comply with the revised Restoration Plan.

Additionally, within 30 days of filing the controlling Restoration Plan, Mr. Andrews shall, through a qualified wetlands expert, submit to the United States a detailed submission including a schedule and plan for the implementation of the seven-year period of monitoring and adaptive management of the wetlands. The submission shall include a schedule for filing status reports with the Special Master or, in the event no Special Master has been appointed, the court. The submission shall also propose the required contents of the status reports. The United States shall provide Mr. Andrews with comments within 30 days of service. If the United States provides comments, Mr. Andrews shall revise the submission consistent with those comments and file the revised submission with the Special Master or, in the event no Special Master has been appointed, the court, and comply with the revised submission following the end of the restoration period.

  B. <u>Compliance-Assurance for Restorative Injunction & Deed Restriction</u>

To ensure compliance with the restorative injunction, the court further orders the following:

  1. Mr. Andrews must permit any representative of the United States the right to access and inspect, at all reasonable times and with reasonable advance notice of 5 days, the 16.3 acres of jurisdictional wetlands located within the properties at 216 Northford Road, Wallingford, Connecticut and 69 Woods Hill Road, North Branford, Connecticut.

  2. No transfer of ownership or control of the properties located at 216 Northford Road 69 Woods Hill Road, or any portion of such properties, including any

interest less than fee-simple, such as an easement or lease, shall relieve Mr. Andrews of his obligation to comply with the court's Order absent the approval of the Special Master, and subject to appeal to the court.  As a condition to any transfer of any interest in the properties, Mr. Andrews shall reserve all rights necessary to comply with the Order.  If Mr. Andrews seeks relief from his obligations under the Order before a transfer of an interest in the properties, he may file a motion with the court.  Prior to a transfer of any interest, Mr. Andrews shall provide a true and complete copy of the Order and corresponding Ruling regarding remedies to the intended transferee, obtain the intended transferee's written acknowledgment thereof, provide written notice to the EPA at least sixty calendar days prior to the effectuation of the transfer, and file proof of compliance with the Special Master, if any, and this court.

        3.   Within 45 days of the court's Ruling and Order on Remedies (Doc. No. 256), Mr. Andrews is to provide the United States with a proposed deed restriction, which shall (1) cover the entire 16.3 acres of jurisdictional wetlands and be in effect for 25 years, (2) contain notice of the continuing obligations of Mr. Andrews upon transfer of any Property rights as discussed above, and (3) language regarding inspection and access rights for representatives of the United States.  The government shall provide comments or approval within 14 days of service.  If the parties cannot agree upon acceptable language, they shall jointly present the matter to the Special Master, and then to the court.  If Mr. Andrews fails to submit proposed language, the government is ordered to submit its proposed language for the deed restriction no later than 21 days after the Andrews children's failure.[1]

---

[1] The court will hold in abeyance the government's request that the deed restriction, the Ruling granting the government's Motion for Summary Judgment (Doc. No. 243), and the Ruling and Order

      a. <u>Duration</u>

The restorative injunction provided for in the court's Ruling and Order and the instant Partial Judgment is not permanent. If Mr. Andrews has substantially complied with the performance criteria, as set forth in the Conceptual Plan and the forthcoming Restoration Plan, has been met, the injunction will terminate automatically following the period of adaptive management. The deed restriction is to have a duration of 25 years.

However, if the parties are unable to agree that all performance criteria has been met, Mr. Andrews may file a motion before the Special Master in the first instance, and then before the court, articulating his position that the restorative injunction should terminate.

If Mr. Andrews fails to comply with the court's Order, the United States may, at any time, file a motion with the Special Master and, whether there is a Special Master or not, with the court, seeking modification of the injunctive relief. On such a motion, the United States may renew its request for a permanent prohibitory injunction, or seek other appropriate relief, such as moving to hold Mr. Andrews in civil or criminal contempt. The United States bears the burden of showing modification is necessary and supported by the evidence. On a motion for permanent injunction in particular, the United States bears the burden to show the requisite elements for permanent injunctive relief.

---

regarding remedies be recorded in the Land Records of Wallingford, Connecticut and North Branford, Connecticut. Given that the Andrews children are the owners of the Property, the court expects the government to include this request in their memorandum regarding proposed remedies as to the defaulted defendants.

b.  <u>Civil Penalties</u>

The appropriate civil penalty assessed against Mr. Andrews will be determined after the Restoration Plan is completed or at such earlier time if the government moves based on Mr. Andrews' failure to undertake the remedial action ordered by this court.

**SO ORDERED**.

Dated at New Haven, Connecticut this 4th day of April 2024.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge