UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL CASE NO. |
|    Plaintiff, | : | 3:20-CV-1300 (JCH) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ANDREWS, | : | JUNE 10, 2024 |
| LYNN COOKE ANDREWS, | : | |
| WESLEY W. ANDREWS, | : | |
| COLTON C. ANDREWS, and | : | |
| ELLERY E. ANDREWS, | : | |
|    Defendants. | : | |

## ORDER APPOINTING THE SPECIAL MASTER

In its Final and Default Judgment, the court imposed two deadlines relating to the appointment of a Special Master to oversee the remedies in this action. See Final and Default Judgment ("Judgment") (Doc. No. 262) at 2. In the event the defendants opposed the appointment of a Special Master, the court ordered that they show cause, no later than 21 days of the date of the Judgment, why a Special Master should not be appointed. See id. The court also ordered the parties to recommend, within 30 days of the date of the Judgment, candidates for the position and a joint proposal prescribing the Special Master's role and duties. See id. Both deadlines have since passed.

On June 3, 2024, the government filed a Notice alerting the court that it had sought cooperation from defendants but received no response. See Second Notice Regarding Special Master ("Second Notice") (Doc. No. 275). The government recommends the Honorable Magistrate Judge Vatti to serve as the Special Master to oversee the implementation of the restorative injunction ordered by the court. See id.

1

In its Notice, the government also proposes that, pursuant to subsections (b) and (c) of Rule 53 of the Federal Rules of Civil Procedure, the Special Master have: (1) full authority to oversee the restorative injunction as set forth in the court's Final and Default Judgment; (2) authority to recommend contempt sanctions against the parties and sanctions against nonparties; (3) permission to communicate ex parte with the court or any party.  See id. (incorporating the government's first Notice); see also First Notice Regarding Special Master ("First Notice") (Doc. No. 259) at 1-2.  The government further proposes that the Special Master be required to report biannually to the court the defendants' progress and remain in his position until the end of the seven-year period of monitoring and adaptive management.  See First Notice at 2.

Given the foregoing and pursuant to section 636(b)(2) of title 28 of the U.S. Code and Federal Rule of Civil Procedure 53, the court appoints Magistrate Judge Vatti as Special Master in this action.  Further, the court finds the government's proposal reasonable in light of Rule 53 and adopts its proposed scope of authority and duties.

The Special Master shall have the power to investigate any violations and enforce the restorative injunction and related compliance provisions as fully set forth in detail in sections B, C, and D of the Final and Default Judgment (Doc. No. 252).  All findings and orders shall be filed with the court and served on each party in a timely manner.  Further, the Special Master shall file a report every six months detailing the defendants' progress in complying with the restorative injunction.  He shall serve copies of the biannual reports to each party.

The Special Master may communicate ex parte with the court or any party at any time. He may also recommend to the court contempt sanctions against noncomplying parties and sanctions against nonparties to the action.

Any party wishing to oppose any order by the Special Master has 21 days from the date of the order to file an objection or motion to modify. The parties may also file a motion to adopt the Special Master's order within 21 days. Parties who wish to respond or reply to an objection or motion to modify must do so within 14 days of the date of the objection or motion. Upon any objection, the Special Master's factual and legal findings will be reviewed de novo. See Fed. R. Civ. P. 53(f). The Special Master's rulings on procedural matters will be reviewed for abuse of discretion. See id.

The Special Master's authority shall remain in place until the defendants have fully complied with the injunction, including the seven-year post restoration monitoring and adaptive management period. No compensation will be awarded to Magistrate Judge Vatti.

SO ORDERED.

Dated at New Haven, Connecticut this 10th day of June 2024.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge