**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:20-CV-1300 (JCH) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ANDREWS, ET AL., | : | JUNE 19, 2024 |
| Defendants. | : | |

**ORDER REGARDING DEFENDANT'S DEMAND LETTER (DOC. NO. 270)**

On May 22, 2024, defendant, Jeffrey Andrews ("Mr. Andrews"), filed a pleading, requesting a ruling on his Motion to Reconsider.[1] See Demand Letter (Doc. No. 270). While Mr. Andrews styled his pleading as a "Demand Letter," the court will construe it liberally as a renewed Motion for Reconsideration given Mr. Andrew's pro se status.

The court assumes familiarity with the history and record of this case. See generally Ruling on Motion for Summary Judgment (Doc. No. 243); Ruling & Order on Remedy (Doc. No. 256); Ruling & Order on Government's Motion for Default Judgment & Remedial Relief (Doc. No. 258).

Mr. Andrews requests that the court issue a ruling on his Motion to Reconsider. As a threshold matter, the court notes that there appears to be confusion regarding the Motion to Dismiss for which Mr. Andrews seeks reconsideration. When Mr. Andrews' Motion for Reconsideration was docketed, it was linked to the Motion to Dismiss (Doc. No. 253) that Mr. Andrews filed on September 26, 2023. See Motion for

---

[1] This case was appealed by the movant after filing his Motion/Demand Letter. However, because the court is construing the pleading as a Motion to Reconsider, this court understands it has jurisdiction to and should address the Motion. See United States v. Bohannon, 247 F.Supp.3d 189, 193 (D. Conn. 2017).

1

Reconsideration (Doc. No. 264); Motion to Dismiss (Doc. No. 253).  That Motion to Dismiss was made on constitutional grounds and the court addressed it in its Ruling and Order on Remedy (Doc. No. 256) at 38-42.  The court denied the Motion to Reconsider (Doc. No. 264) as untimely.  See Order (Doc. No. 266).  The court further wrote that, even if it were to grant reconsideration, it would adhere to its previous Ruling (Doc. No. 256) at 38-42.

However, in his Demand Letter, Mr. Andrews repeatedly mentions a "Motion to Dismiss For Lack of Evidence."  No such motion was found on the docket.  However, upon conducting a text search of the transcript of the evidentiary hearing held on September 26, 2023, the court found the portion of the hearing in which Mr. Andrews made an oral motion.  The transcript reveals that Mr. Andrews moved to dismiss for lack of evidence after questioning, on cross examination, the government's witness, Thomas Peragallo ("Mr. Peragallo").  See Transcript (Doc. No. 254) at 92:2-3.[2]  In response, the court stated that the time for making such motions had passed because the case was at the remedy stage, meaning he had already been found liable.  See id. at 92:4-9.  The court further let him know that he may appeal the court's decision if he does not believe that there was a proper basis to grant summary judgment against him.  See id. at 92:11-13.  Mr. Andrews did not pursue the Motion for lack of evidence further.  See id. at 92:18-20 ("MR. ANDREWS: You said I can appeal./THE COURT: Yes, sir. You can absolutely./MR. ANDREWS: That's all my questions. Thanks./THE WITNESS: You're welcome.").  In sum, the court implicitly denied the Motion as untimely and informed Mr. Andrews that he may appeal the court's decision.

---

[2] The docket has been updated to reflect Mr. Andrews' oral Motion to Dismiss and the court's disposition.  See Oral Motion to Dismiss (Doc. No. 281); Order (Doc. No. 282).

To the extent Mr. Andrews seeks reconsideration of this oral Motion, the court denies reconsideration as untimely.  See D. Conn. L. Civ. R. 7(c) (requiring motions for reconsideration to "be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought").  The court acknowledges that Mr. Andrews appeared to be away for some time due to the recent death of his mother.  See Demand Letter at 1 (Fact #1).  However, Mr. Andrews moved to dismiss on September 26, 2023.  See Transcript at 92:2-3.  Without further information, the court is without a sufficient basis to determine whether good cause exists to excuse the approximately eight-month late filing of the Motion to Reconsider.

Further, the oral Motion to Dismiss for lack of evidence is itself untimely.  Mr. Andrews moved to dismiss at the evidentiary hearing on remedies held three months after the court's Ruling on the Motion for Summary Judgment, which concluded he had violated the Clean Water Act.  See Ruling on Motion for Summary Judgment (Doc. No. 243) (June 12, 2023); Minute Entry (Doc. No. 251) ("Evidentiary Hearing held on 9/26/2023.").  At that point, the time for objecting to evidence and disputing factual assertions had long passed.  Such an objection was due at the latest on January 5, 2023.  See Deadline (Doc. No. 238) ("Responses due by 1/5/2023").  Rather than raising an objection, Mr. Andrews' response to the government's Motion for Summary Judgment stated in full:

> After reading the Department of Justice's Motion For Summary Judgment, a line came to me from the movie Billy Madison which I will share with you now.  "Mr. Madison, what you've just said is one of the most insanely idiotic things I have ever heard.  At no point in your rambling, incoherent response were you even close to anything that could be considered a rational thought.  Everyone in this room is now dumber for having listened to it.  I award you no points, and may God have mercy on your soul".

3

> The Supreme Court of the United States has stated on PRIVATE PROPERTY in wetlands you can by United States Constitutionally enumerated and protected rights build houses, commercial buildings, marinas, and cities such as but not limited to Walt Disney World, New Orleans, and Washington, DC (the swamp).
>
> This is the established law and there is no refuting the law.

See Defendant's Response to Motion for Summary Judgment (Doc. No. 240).

Notably, prior to issuing its Ruling, the court took steps to ensure Mr. Andrews was aware of his obligations at the summary judgment stage in light of his pro se status. As discussed at length in the Ruling on the Motion for Summary Judgment:

> In support of its Motion[ for Summary Judgment], the Government sent Mr. Andrews the Notice to Self-Represented Litigants Regarding Summary Judgment, as required by [ ] Local Rule[ 56(b)]. The Notice sets forth the requirements detailed above as well as the potential consequences for litigants who fail to comply with the Local Rules. However, the United States Postal Service returned the Notice, unopened, to the Government. Accordingly, the court held an in-person status conference on December 14, 2022, for the sole purpose of ensuring that Mr. Andrews received copies of all documents relating to the Government's Motion and to set a deadline for the defendant's opposition. At the hearing, Mr. Andrews was handed a copy of the Motion—including the Notice to Self-Represented Litigants as well as the Federal and Local Rules pertaining to motions for summary judgment—and had his obligations explained to him directly.
>
> Despite these warnings in writing and in person, Mr. Andrews' opposition to the Government's Motion did not include a Local Rule 56(a)2 Statement. Indeed, the three-paragraph response makes no effort to comply with the Local Rules. It fails to refer directly to any of the paragraphs in the Government's Local Rule 56(a)1 Statement of Undisputed Material Facts or to include any specific citation to evidence that would be admissible at trial. Indeed, the opposition does not mention any facts at issue in this case.

See Ruling on Motion for Summary Judgment (Doc. No. 243) at 2-3 (internal citations omitted); see also Notice Regarding Unclaimed/Returned Notice to Self-Represented Litigant (Doc. No. 232); Notice to Counsel/Pro Se Litigant (ECF No. 236); Minute Entry for December 14, 2022 Proceedings (Doc. No. 237); D. Conn. L. Civ. R. 56(b).

4

Even if the court were to grant the Motion for Reconsideration, it would adhere to its original decision denying his Motion to Dismiss for lack of evidence. Mr. Andrews asserts, without evidentiary support, that the "government experts stated NO surface water or continuous surface connection [is located] on the sixteen acres of [d]efendant's property." See Demand Letter at 2 (Fact #7). Mr. Andrews is mischaracterizing the record developed in this case and before the court on summary judgment and in the remedy phase. For example, the Reports of Andrew Earles ("Mr. Earles") and Peter Stokely ("Mr. Stokely") clearly show wetlands filled on the Andrewses' property that abut the unnamed tributary. See e.g., Ruling on Motion for Summary Judgment (Doc. No. 243) at 20-23 & 22 n.9.

Mr. Andrews argues that, because there was no evidentiary hearing made available to him prior to final judgment, the court committed legal error. See Demand Letter at 1 (Fact # 3). The court held an evidentiary hearing on remedies prior to final judgment. See Minute Entry (Doc. No. 251); Transcript (Doc. No. 254). The court assumes Mr. Andrews means to say that there was no evidentiary hearing prior to the Ruling on the Motion for Summary Judgment. To provide clarification to Mr. Andrews, the court notes it is not required to hold a hearing before entering summary judgment. See generally Fed. R. Civ. P. 56. A case only proceeds to trial if there are genuine disputes of material facts. Given Mr. Andrews' failure to deny or object to the government's Local Rule 56(a)(1) Statement of Material Facts, the court deemed the government's factual assertions admitted to the extent they were supported by evidence. See Ruling on Motion for Summary Judgment (Doc. No. 243) at 2-4. As

5

there were no triable issues of fact, the court proceeded to grant summary judgment against Mr. Andrews with respect to his liability under the Clean Water Act.[3]

In his Demand Letter, Mr. Andrews also argues the court made an error by refusing to consider his Motion to Reconsider in violation of his "14th U.S. Constitutional protected rights."  See Demand Letter at 2-3 (Fact # 8).  The court cannot clearly discern the basis for this assertion other than perhaps his claim that he was not properly served the government's Memorandum in Opposition to his Motion to Dismiss.  See id. at 1-2 (Fact #5) ("This court made a ruling against Defendant with full and prior knowledge that the United States Government failed to properly serve Defendant of its filing.  This is a procedural violation and a 14th Amendment violation against Defendant.").  Contrary to Mr. Andrews' assertion, the court was not aware that Mr. Andrews had not received the Memorandum in Opposition until approximately seven months after the court issued its Ruling and Order on Remedy (Doc. No. 256) when Mr. Andrews filed a Notice (Doc. No. 265) and Motion for Proper Service (Doc. No. 263).  Upon receipt, the court ordered the government to respond to Mr. Andrews' Motion for Proper Service and provide proof of proper service.  See Order (Doc. No. 267).  The court further ordered the government to explain why it should not be sanctioned in the event it had failed to serve Mr. Andrews.  See id.  On May 17, 2024, the government filed its Response, noting that its usual practice is to send copies of all filings by United States Postal Service mail to Mr. Andrews, but given that the filing was made half a year

---

[3] Because the court had bifurcated the case into liability and remedy stages, the court then invited Mr. Andrews and the government to submit their positions regarding the appropriate remedies and gave them an opportunity to respond to the opposing party's filing.  See Order (Doc. No. 244).  Mr. Andrews neither submitted an initial brief nor did he file an opposition memorandum to the government's brief.  On September 26, 2023, the court held an evidentiary hearing on remedies, in which Mr. Andrews was given an opportunity to cross examine the government's expert witnesses.  See Minute Entry (Doc. No. 251); Marked Exhibit & Witness List (Doc. No. 252); Transcript of Evidentiary Hearing (Doc. No. 254).

prior, the government could not locate records evidencing proper service. See Response (Doc. No. 268) at 1-2. Upon the filing of Mr. Andrews' Motion, the government served its Opposition papers. The court terminated Mr. Andrews' Motion as moot given that the government again served Mr. Andrews and demonstrated it had served consistent with the Rules. See Order (Doc. No. 269); Response (Doc. No. 268); Pl.'s Ex. A, Proof of Service (Doc. No. 268-1); see also Memorandum in Opposition to Motion to Dismiss ("Opp.") (Doc. No. 255).

It bears emphasizing that, for the most part, the government did not substantively address Mr. Andrew's arguments. See Opp. Rather, the government argued the Motion to Dismiss (on constitutional grounds) (Doc. No. 253) should be denied as procedurally improper under the Federal Rules. See id. at 1-2. The government further contended that, even if the Motion to Dismiss were construed as a motion for reconsideration, it should be denied because the court has already addressed the same arguments numerous times. See id. 2-3. Indeed, the court's Ruling (Doc. No. 256) on the Motion to Dismiss reiterated the court's previous Rulings on similar motions made by Mr. Andrews. See Ruling on Motion to Dismiss (Doc. No. 200) at 5-11; Ruling on Motion for Summary Judgment (Doc. No. 243) at 24-26. Thus, even if he did not receive the government's Opposition, Mr. Andrews suffered little to no prejudice. Furthermore, as Mr. Andrews notes, the government's Opposition did not address his Motion to Dismiss for Lack of Evidence. See Demand Letter at 3 (Fact # 9). Therefore, his oral Motion to Dismiss for lack of evidence was unopposed; and it can hardly be said that the defendant suffered prejudice from a decision on his unopposed Motion.

Lastly, Mr. Andrews advances two arguments concerning timing.  See Demand Letter at 10-11.  First, he disputes the court's Order denying his Motion to Reconsider as untimely.  See Demand Letter at 3 (Fact 11).  As support, he cites to Rule 26 of the Federal Rules of Civil Procedure and section 6101.26 of title 48 of the Code of Federal Regulations.  However, neither are applicable here.  Rule 26 concerns a party's duty to disclose as well as general discovery provisions.  See Fed. R. Civ. P. 26.  Section 6101.26 is part of the Rules of Procedure of the Civilian Board of Contract Appeals, which has no bearing on this case.

Second, Mr. Andrews argues that the fact that it took the court seven months to rule on his Motion to Dismiss violates his rights under the Fourteenth Amendment and calls into practice the court's ability to hold a fair and impartial hearing.  See Demand Letter at 1.  However, as clarified supra, the court denied Mr. Andrews' oral Motion as soon as he made it.  With respect to the court's Ruling (Doc. No. 256) on Mr. Andrews' Motion to Dismiss on constitutional grounds, the court cannot readily discern how the time it took for the court to issue its decision following the evidentiary hearing impacts its ability to hold a fair and impartial hearing.  Further, Mr. Andrews suffered no prejudice from the delay because, as noted above, see, supra, at 7, the Ruling (Doc. No. 256) largely reiterated previous Rulings in this case that addressed the same constitutional arguments made by Mr. Andrews at various points in the litigation.

For all the foregoing reasons, the Demand Letter, construed by the court as a Motion for Reconsideration, is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 19th day of June 2024.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge