UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:20-CV-1300 (JCH) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ANDREWS, ET AL., | : | JULY 2, 2024 |
| Defendants. | : | |

**ORDER REGARDING DEFENDANT'S MOTION TO STAY (DOC. NO. 279)**

On June 12, 2024, defendant, Jeffrey Andrews ("Mr. Andrews"), filed a Motion to Stay pending the outcome of his appeal. See Motion to Stay ("Mot.") (Doc. No. 279). The government opposes this Motion. See Opposition to Motion to Stay ("Opp.") (Doc. No. 285). The court assumes familiarity with the history and record of this case. See generally Ruling on Motion for Summary Judgment (Doc. No. 243); Ruling & Order on Remedy (Doc. No. 256); Ruling & Order on Government's Motion for Default Judgment & Remedial Relief (Doc. No. 258).

> "A stay is not a matter of right, even if irreparable injury might otherwise result." It is instead, "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.

Nken v. Holder, 556 U.S. 418, 433 (2009) (internal citations omitted) (quoting in part Virginian R. Co. v. United States, 272 U.S. 658, 672-73 (1926)). In deciding whether to issue a stay, the court considers: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

1

lies." Nken, 556 U.S. at 426 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); United States v. Grote, 961 F.3d 105, 122–23 (2d Cir. 2020) (citing In re World Trade Ctr. Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007)).

As the government correctly contends, Mr. Andrews does not address these factors at all in his Motion.  See Opp.  His Motion is comprised of a single argument, in which he states, in a conclusory fashion, that he is likely to succeed on appeal under the three most common standards of review—abuse of discretion, substantial evidence, and de novo.  See Mot.  Having failed to meet his burden, the court denies the Motion to Stay.[1]

**SO ORDERED.**

Dated at New Haven, Connecticut this 2nd day of July 2024.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[1] The court notes that Mr. Andrews may move the Second Circuit for a stay pending appeal.  See Fed. R. App. P. 8.