UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL CASE NO. |
|    Plaintiff, | : | 3:20-CV-1300 (JCH) |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ANDREWS, ET AL., | : | JULY 15, 2024 |
|    Defendants. | : | |

**ORDER REGARDING DEFENDANT'S REPLY MEMORANDUM (DOC. NO. 291)**

On June 12, 2024, defendant, Jeffrey Andrews ("Mr. Andrews"), filed a Motion to Stay pending the outcome of his appeal. See Motion to Stay ("Mot.") (Doc. No. 279). Pursuant to the court's Order to Show Cause (Doc. No. 280), the government filed a Memorandum in Opposition to the Motion to Stay on June 26, 2024. See Opposition to Motion to Stay ("Opp.") (Doc. No. 285).

On July 2, 2024, the court denied the Motion to Stay. See Order Regarding Motion to Stay ("Order") (Doc. No. 290). Mr. Andrews' Reply Memorandum was received by the court on July 9, 2024. See Reply Brief to New Points Raised in the Brief in Opposition ("Reply") (Doc. No. 291). Because a plaintiff may file a reply memorandum within 14 days of the filing of the memorandum to which the reply is being made, see D. Conn. L. Civ. R. 7(d), the court construes and grants Mr. Andrews' Reply as a Motion for Reconsideration.

In his Reply, Mr. Andrews avers that the government has not produced evidence to prove its contention that the residents of South Central Regional Water Authority will be harmed if the court stays the injunction. See Reply.

1

In denying the Motion to Stay, the court did not address or consider the government's argument regarding the public's interest. The Motion to Stay was denied on the ground that Mr. Andrews had not met his burden. See Order. Mr. Andrews did not make a showing that: (1) "he was likely to succeed on the merits;" (2) he would be "irreparably injured absent a stay;" (3) a stay would not "substantially injury the other parties;" or (4) that "the public interest" lies in favor of a stay. See Order at 1-2 (quoting Nken v. Holder, 556 U.S. 418, 433 (2009)). The court noted that his Motion to Stay was "comprised of a single argument, in which he state[d], in a conclusory fashion, that he is likely to succeed on appeal under the three most common standards of review—abuse of discretion, substantial evidence, and de novo." See id. at 2. Thus, even assuming, arguendo, Mr. Andrews is correct, the court adheres to its Order .

Accordingly, the court adheres to its original Order (Doc. No. 290) and denies the Motion to Stay (Doc. No. 279).

**SO ORDERED.**

Dated at New Haven, Connecticut this 15th day of July 2024.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge